United States District Court
Southern District of Texas
FILED
JUN 14 2021
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
June 15, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| DONEL SALAZAR, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-CV-0051 |
| | § | |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner DONEL SALAZAR, JR., proceeding pro se, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1). Petitioner is currently serving a sentence of 35 years of imprisonment in the Institutional Division of the Texas Department of Criminal Justice following a conviction by jury on a charge of continuous sexual abuse of a child out of the 370th District Court of Hidalgo County. In seeking federal habeas review, Petitioner claims that the trial court erred in denying defense counsel's request to make an opening statement to the jury. (*Id.* at 6).

Respondent has since made an appearance and filed a Motion for Summary Judgment (the "Summary Judgment Motion") (Dkt. No. 5) together with an electronic copy of the state court record (Dkt. No. 6).[1] Respondent seeks dismissal of the Petition on the grounds that it was filed outside the one-year limitations period imposed by 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Petitioner has not filed a response.

---

[1] Any citations to the state court record will refer to the docket entry, attachment, and page numbers appearing in the case management/electronic case-file (CM/ECF) system.

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  After review of the record and relevant law, the Magistrate Judge respectfully RECOMMENDS that the Summary Judgment Motion (Dkt. No. 5) be GRANTED, that the Petition (Dkt. No. 1) be DENIED, and that this action be DISMISSED.  The Magistrate Judge also RECOMMENDS that a Certificate of Appealability be DENIED.

## I.  PROCEDURAL HISTORY

On November 19, 2015, a grand jury in Hidalgo County returned an indictment charging Petitioner with continuous sexual abuse of a child.  (Dkt. No. 6-8 at 5).

On October 14, 2016, after a trial in the 370th District Court of Hidalgo County, a petit jury found Petitioner guilty as charged (*id.* at 42), and Petitioner was later sentenced to a term of 35 years of imprisonment (*id.* at 43).

Petitioner filed a direct appeal of the judgment with the Thirteenth Court of Appeals.  *See Salazar v. State*, 2018 WL 5668521 (Tex. App.—Corpus Christi-Edinburg Nov. 1, 2018, pet. ref'd) (mem. op.).  Eventually, appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that the record revealed no grounds of error on which an appeal could be predicated.  *Salazar*, 2018 WL 5668521, at *1.  Through a memorandum opinion of November 1, 2018, the appellate court held that the record presented no arguably meritorious grounds for review and thus affirmed the judgment.  *Id.* at *2.

On March 20, 2019, the Texas Court of Criminal Appeals (the "TCCA") refused a request by Petitioner for discretionary review.[2]

---

[2] A copy of the TCCA's refusal order and notice does not appear in the state court record but can otherwise be accessed by running the assigned petition number, PD-1298-18, through the TCCA's case search system at https://search.txcourts.gov/CaseSearch.aspx.

On March 16, 2020, Petitioner filed a state application for a writ of habeas corpus with the trial court.[3] (Dkt. No. 6-8 at 55-73). Through that application, Petitioner challenged his conviction on several grounds, including the ground raised here, specifically, that the trial court erred in denying defense counsel's request to make an opening statement to the jury. (*Id.* at 66). In response, the State of Texas argued for dismissal of the application under Rule 73.2 of the Texas Rules of Appellate Procedure for non-compliance with the applicable filing rules, noting that the application failed to comply with Rule 73.1(c) insofar as Petitioner failed to provide supporting facts in the actual writ application form but, instead, through a separate memorandum. (Dkt. No. 6-8 at 100-03). The trial court entered recommended findings and conclusions of law, agreeing with the State and recommending dismissal. (*Id.* at 104-06).

On September 9, 2020, the TCCA dismissed the application without written order citing Rule 73.2. (Dkt. No. 6-7).

On September 25, 2020, Petitioner filed a second state application for a writ of habeas corpus.[4] (Dkt. No. 6-10 at 57-76). This application also raised the present ground at issue. (*Id.* at 68-69). Addressing the merits, the state argued that Petitioner was not entitled to relief. (*Id.* at 152-60). The trial court recommended that relief be denied. (*Id.* at 161-168).

---

[3] This is the date Petitioner signed the application. (Dkt. No. 6-8 at 70). Under Texas' prison mailbox rule, the pleadings of pro se inmates, including petitions for state post-conviction relief, are deemed filed when they are delivered to prison authorities for forwarding to the court clerk. *Richards v. Thaler*, 710 F.3d 573, 577-79 (5th Cir. 2013) (citing *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010)). Petitioner's state habeas filings do not refer to the dates they were delivered to prison authorities, so they will be deemed filed as of the dates they were signed. *See Reisinger v. Lumpkin*, 2021 WL 1814696, at *1 n.3 (N.D. Tex. May 5, 2021); *see also United States v. Rosenblum*, 2005 WL 3262548, at *1 (S.D. Tex. Nov. 29, 2005) (citing *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that Washington's motion was delivered to prison authorities the day he signed it . . . .")).

[4] Again, this is the date Petitioner signed the application. (Dkt. No. 6-10 at 72).

On December 16, 2020, the TCCA denied the application without written order based "on findings of [the] trial court . . . and on [an] independent review of the record." (Dkt. No. 6-9).

On February 3, 2021, Petitioner filed the Petition in this case.[5] (Dkt. No. 1 at 10).

## II. LEGAL STANDARDS

### A. The One-Year Limitations Period

A federal habeas corpus petition filed after April 24, 1996, the effective date of the AEDPA, is subject to a one-year limitations period found at 28 U.S.C. § 2244(d). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

Pursuant to § 2244(d)(1), the limitations period runs from the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Typically, the limitations period will begin to run under subsection (d)(1)(A), or the date on which the judgment became "final." *See id.* § 2244(d)(1)(A).

Where, as here, a petitioner neither stops the appeal process before the entry of judgment by the TCCA nor pursues direct review with the Supreme Court, finality coincides with the

---

[5] This is the date Petitioner declares he placed the Petition in the prison mailing system. Like Texas' prison mailbox rule, a pro se prisoner's federal habeas corpus petition is deemed filed when it is handed over to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (per curiam).

expiration of the time to file a petition for certiorari with the Supreme Court, that is, 90 days after

the TCCA enters judgment. *See Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003).

## B. Statutory Tolling

Where certain circumstances are met, the limitations period is automatically subject to

statutory tolling. Section 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under

[subsection (d)]." 28 U.S.C. § 2244(d)(2). According to the text of § 2244(d)(2), "a state post-

conviction application triggers statutory tolling only if it is 'properly filed' and only while it

remains 'pending.'" *Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020).

A state habeas application is "properly filed" if it "conforms with a state's applicable

procedural filing requirements[,]" *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999), meaning

"those prerequisites that must be satisfied before a state court will allow a petition to be filed and

accorded some level of judicial review[,]" *id.* at 470 n.2. An application that is not properly filed

will not toll the limitations period. *See Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir.

2009) (per curiam). A state court's ruling as to whether an application is properly filed is generally

dispositive. *See Koumjian v. Thaler*, 484 F. App'x 966, 968 (5th Cir. 2012) (per curiam).

One example of a state habeas application that is not properly filed, and thus incapable of

tolling the limitations period, is an application dismissed by the TCCA under Texas Rule of

Appellate Procedure 73.2. *See Edwards v. Dretke*, 116 F. App'x 470, 471 (5th Cir. 2004) (per

curiam) (citing *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004)). Non-compliance with Rule

73.1(c) is a typical basis for such dismissals. *See Davis*, 342 F. App'x at 953 ("Davis did not

summarily state the basis for his claims on the habeas application form. Instead, he inserted forty

typewritten pages stating his claims in great detail. His application was clearly not filed in conformity with [Texas Rule of Appellate Procedure 73.1(c)]."); *see also Gardner v. Davis*, 2020 WL 1659652, at *4 (S.D. Tex. Mar. 27, 2020) ("The Fifth Circuit has consistently held that a state habeas corpus application dismissed for failure to comply with Rule 73.1 of the Texas Rules of Appellate Procedure was not 'properly filed' and does not toll the AEDPA statute of limitations under § 2244(d)(2)."). Indeed, compliance with Rule 73.1 is a prerequisite to consideration of the merits of the application. *Gardner*, 2020 WL 16559652, at *4 (citing *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006)).

"[A] state habeas application is pending, in the context of § 2244(d)(2), as long as the ordinary state collateral review process is in continuance, or, in other words, until the application has achieved final resolution through the State's post-conviction procedures." *Grillette v. Warden, Winn Corr. Ctr.*, 372 F.3d 765, 769 (5th Cir. 2004) (quoting *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002)) (quotations omitted). Included in this period is the day the application was filed through the day it was decided. *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). "[A] petitioner is entitled to, and indeed often must invoke, 'one full round' of collateral review in state court before seeking federal habeas review." *Grillette*, 372 F.3d at 769 (quoting *Carey*, 536 U.S. at 222). The one-year limitations period is tolled while that full round of state habeas proceedings is properly in progress. *Id.*

Irrelevant for purposes of statutory tolling is a state habeas application filed after the federal limitations period has already expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

## C. Equitable Tolling

The limitations period is not jurisdictional and thus subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available only where the petitioner bears

the burden of showing (i) the diligent pursuit of their rights, and (ii) that some extraordinary circumstance stood in their way and prevented timely filing. *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam) (citing *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000)).

The diligence required for equitable tolling "is 'reasonable diligence,' not 'maximum feasible diligence.'" *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland*, 560 U.S. at 653). In establishing diligence, a petitioner must refer to specific actions taken in pursuit of their rights, including that they attempted to contact their attorney for information and documents, requested documents from the clerk of court, or sought new counsel. *See Holland*, 560 U.S. at 653; *see also United States v. Barnes*, 2020 WL 6931287, at *2 (M.D. La. Nov. 24, 2020). Waiting too long to act, however, may cut against the petitioner. *See Haarmann v. Thaler*, 2011 WL 5155705, at *4 (S.D. Tex. Oct. 28, 2011). A petitioner must exercise diligence even if they receive inadequate legal representation, are abandoned by counsel, or otherwise fail to hear from counsel about the status of their case. *Manning*, 688 F.3d at 184 n.2, 185-86.

As for extraordinary circumstances, a pro se prisoner's ignorance of the law does not suffice. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Nor does a garden variety claim of excusable neglect, such as a simple miscalculation that leads to a missed filing deadline. *Holland*, 560 U.S. at 651-52 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam). Typically, the petitioner must show they were actively misled about or prevented from asserting their rights. *See Patterson*, 211 F.3d at 930-31.

## III. ANALYSIS

Here, the TCCA refused discretionary review on March 20, 2019, and Petitioner did not seek further direct review before the Supreme Court. His conviction became "final" on June 18, 2019,[6] the last day of the 90-day period for filing a petition for certiorari. Absent tolling, the AEDPA's limitations period expired one-year later, or June 18, 2020. However, it was not until February 3, 2021 that the Petition was filed in this case—over seven months past the deadline— and the record does not show that Petitioner is entitled to tolling of the limitations period.

For purposes of triggering statutory tolling, neither of Petitioner's two state habeas applications was sufficient: the first application of March 16, 2020 was not properly filed because it was rejected under Rule 73.2; and the second application of September 25, 2020 was filed after the limitations period had already expired. As for equitable tolling, Petitioner does not assert that he was diligent in pursuing his collateral rights. Indeed, equity is not intended for those who sleep on their rights. *Mathis*, 616 F.3d at 474 (quoting *Wilson*, 442 F.3d at 875) (quotations omitted). Otherwise, Petitioner's status as a pro se litigant, and his presumed unfamiliarity with procedural filing rules, are not extraordinary circumstances. *See Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013) (per curiam). Nor does Petitioner assert that he was prevented by others from timely filing the Petition.

Because the Petition was filed after the limitations period had already expired—and neither equitable nor statutory tolling applies—Petitioner's request for § 2254 relief is time barred.[7]

---

[6] The alternative start dates for the running of the limitations period recognized by § 2244(d)(1)(B) through (D) do not appear to apply.

[7] Even if Petitioner's ground for relief were to be considered, it is without merit. A criminal defendant does not have a constitutional right to make an opening statement at trial. *See United States v. Salovitz*, 701 F.2d 17, 19 (2d Cir. 1983) ("[A] defendant's unfettered right to make an opening statement, unlike his right to a closing argument, is not one of the 'traditions of the adversary factfinding process that has been constitutionalized in the Sixth and Fourteenth Amendments.'" quoting *Herring v. New York*, 422 U.S. 853,

## IV. CONCLUSION

### *Recommendation*

After review of the record and relevant law, the Magistrate Judge respectfully RECOMMENDS that the Summary Judgment Motion (Dkt. No. 5) be GRANTED, that the Petition (Dkt. No. 1) be DENIED, and that this civil action be DISMISSED.

### *Certificate of Appealability*

The Magistrate Judge must also address the matter of the issuance of a certificate of appealability ("COA").

A petitioner may not appeal the final order of a habeas corpus proceeding "unless a circuit justice or judge issues a [COA]." 28 U.S.C. § 2253(c)(1). Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts instructs that the District Court "must issue or deny a [COA] when it enters a final order adverse to the applicant." A petitioner is entitled to a COA

---

857 (1975)); *see also Son v. Muniz*, 2016 WL 3033689, at *10-11 (C.D. Cal. Mar. 21, 2016) (collecting cases), *report and recommendation adopted*, 2016 WL 3025342 (C.D. Cal. May 25, 2016); *Moore v. State*, 868 S.W.2d 787, 788-89 (Tex. Crim. App. 1993) ("The right to make an opening statement is a statutory right [under Article 36.01(b) of the Texas Code of Criminal Procedure] and not a constitutional imperative or mandate."). The fact that defense counsel did not make an opening statement at Petitioner's trial appears to be a function of state procedural law. As the trial judge explained through his recommended denial of Petitioner's second state habeas application—

> Volume 3 of the Reporter's Record reveals that the State waived its opening statement to the jury. (Dkt. No. 6-3 at 16-17). After the State rested its case-in-chief, [Petitioner's] trial counsel requested to make an opening statement to the jury. (*Id.* at 170). The trial court denied said request. (*Id.*). Afterwards, [the defense] indicated to the trial court that it had no evidence to present to the jury and rested its case-in-chief. (*Id.* at 171). When the State waives an opening statement, the defendant may make an opening statement upon the close of the State's case-in-chief pursuant to [Article 36.01(b) of the Texas Code of Criminal Procedure]. *Moore*, 868 S.W.2d at 789. However, a defendant may not make [an] opening statement where no witnesses or evidence will be presented. *Norton v. State*, 564 S.W.2d 714, 718 (Tex. Crim. App. 1978).

(Dkt. No. 6-10 at 166-67 (internal record citations added and case citations modified)). Insofar as Article 36.01(b) was violated somehow, the "[f]ailure to comply with the requirements of a Texas criminal procedure statute does not, of itself, raise a federal constitutional question cognizable in a federal habeas corpus proceeding." *Stewart v. Estelle*, 634 F.2d 998, 999 (5th Cir. 1981).

when he shows that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); 28 U.S.C. § 2253(c).

Because the Magistrate Judge concludes that Petitioner fails to meet this threshold, the Magistrate Judge accordingly RECOMMENDS that a COA be DENIED.

### *Objections*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 14th day of June 2021.

J. SCOTT HACKER
United States Magistrate Judge